IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY MUTUAL PERSONAL INSURANCE COMPANY<br>175 Berkeley Street<br>Boston, MA 02116<br><br>                                  Plaintiff,<br><br>          v.<br><br>JERRY MERCADO,<br>489 Worthington Mill Road<br>Richboro, PA 18954<br><br>LISA BRAUN,<br>489 Worthington Mill Road<br>Richboro, PA 18954<br><br>SAJEESH THOMAS,<br>53 Brandywine Court<br>Richboro, PA 18954<br><br>and<br><br>SANDY ANN THOMAS<br>53 Brandywine Court<br>Richboro, PA 18954<br><br>                                 Defendants. | Civil Action No.<br><br>**DECLARATORY JUDGMENT COMPLAINT** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

      Plaintiff Liberty Mutual Personal Insurance Company ("Liberty"), by and through its undersigned counsel, brings this action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and in support of the relief sought herein avers as follows:

**I.    INTRODUCTION**

      1.    Liberty seeks a declaration that it has no duty to defend or indemnify Defendant Jerry Mercado ("Mercado") under a homeowners insurance policy issued by Liberty to its Named

Insured, Lisa Braun, bearing policy number H3V-288-719146-40 0 9, and having an effective policy period of February 25, 2020 to February 25, 2021 (the "Liberty Policy") in connection with an underlying civil action filed against Mercado, captioned *Sajeesh Thomas and Sandy Ann Thomas v. Jerry Mercado*, Court of Common Pleas, Bucks County, PA, Case No. 2022-03807 (the "Underlying Action").

2. A true and correct copy of the Liberty Policy (premium information redacted) is attached hereto as "Exhibit 1".

3. The Underlying Action results from Mercado's aggravated assault of Sajeesh Thomas, for which he was criminally charged and convicted upon his entry of a guilty plea. A true and correct copy of the Complaint filed in the Underlying Action is attached hereto as "Exhibit 2".

4. According to the Underlying Complaint, on October 28, 2020, Mercado was charged with harassment, disorderly conduct, recklessly endangering another person, simple assault and felony aggravated assault in violation of 18 Pa. C. S. 2702(a)(1). Ex. 2 ¶ 20.

5. According to the Underlying Complaint, on July 15, 2021, Mercado pleaded guilty to the charge of aggravated assault. *Id.* ¶ 22.

6. Liberty is currently providing a defense to Mercado in the Underlying Action, subject to a full and complete reservation of its rights to deny coverage (both defense and indemnity) under the Liberty Policy and to withdraw its defense of Mercado in the Underlying Action.

7. However, as described in detail further below, Liberty has no duty to defend or indemnify Mercado for the claims and damages asserted in the Underlying Action.

8. The Liberty Policy does not provide coverage for the claims and damages asserted in the Underlying Action because:

    a. The Underlying Action does not seek damages because of "bodily injury" caused by an "occurrence", defined in the Liberty Policy as an "accident … ."; and

    b. The Liberty Policy excludes coverage for "bodily injury" that "results, or may reasonably be expected to result, from the intentional or criminal acts or omissions of an insured".

*See* Ex. 1.

9. The Underlying Action expressly alleges that the "bodily injury" at issue resulted from the intentional, criminal conduct of Mercado. Ex. 2 ¶ 26, 34.

10. Further, Mercado, himself, pled guilty to, and has been imprisoned for, aggravated assault. *Id.* ¶¶ 22–24.

11. Accordingly, Liberty seeks a declaration that it has no duty to defend or indemnify Mercado for the claims and damages asserted in the Underlying Action, and that it may therefore withdraw its defense of Mercado in the Underlying Action.

## II. PARTIES

12. Liberty Mutual Personal Insurance Company ("Liberty") is a company organized under the laws of New Hampshire and maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

13. Upon information and belief, Defendant Jerry Mercado is an adult natural person domiciled in the Commonwealth of Pennsylvania, having an address of 489 Worthington Mill Road, Richboro, Pennsylvania 18954.

14. Upon information and belief, Defendant Lisa Braun is an adult natural person who is domiciled in the Commonwealth of Pennsylvania, having an address of 489 Worthington Mill Road, Richboro, Pennsylvania 18954 .

15. Upon information and belief, Defendant Sajeesh Thomas is an adult natural person who is domiciled in the Commonwealth of Pennsylvania, having an address of 53 Brandywine Court, Richboro, Pennsylvania 18954.

16. Upon information and belief, Defendant Sandy Ann Thomas is an adult natural person domiciled in the Commonwealth of Pennsylvania, having an address of 53 Brandywine Court, Richboro, Pennsylvania 18954.

### III.  JURISDICTION

17. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the dispute in this action is between citizens of different states.

18. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, because the limits of the Liberty Policy under which Mercado seeks a defense and indemnity exceed $75,000.00.

19. The dispute in this action is between citizens of different states.

20. Plaintiff Liberty is a citizen of Massachusetts, the state in which it maintains its principal place of business, and of New Hampshire, the state in which it is incorporated.

21. Defendant Mercado is a citizen of Pennsylvania, the state in which he is domiciled.

22. Defendant Braun is a citizen of Pennsylvania, the state in which she is domiciled.

23. Defendant Sajeesh Thomas is a citizen of Pennsylvania, the state in which he is domiciled.

24. Defendant Sandy Ann Thomas is a citizen of Pennsylvania, the state in which she is domiciled.

25. The Court also has jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), because this action presents a case of actual controversy and seeks an order declaring the rights and other legal relations of the parties to this action.

26. A case of actual controversy is presented in this action because Mercado seeks a defense and indemnification under the Liberty Policy for the claims and damages asserted in the Underlying Action, and Liberty disputes that it has a duty under the Liberty Policy to defend or indemnify Mercado in the Underlying Action.

## IV.   VENUE

27. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

28. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1) because all of the Defendants reside in the Eastern District of Pennsylvania and are domiciled in the Commonwealth of Pennsylvania.

29. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in the Eastern District of Pennsylvania – in that (a) the Liberty Policy was issued to Lisa Braun within the Eastern District of Pennsylvania, (b) the underlying incident and injuries giving rise to this action occurred in the Eastern District of Pennsylvania, and (c) the Underlying Action giving rise to this action is currently pending in the Bucks County Court of Common Pleas, which is encompassed by the Eastern District of Pennsylvania.

## V.   FACTUAL BACKGROUND

### A.   The Underlying Action

30. On or around June 14, 2023, Sajeesh Thomas and Sandy Ann Thomas (collectively, the "Thomases") filed a Complaint (the "Underlying Complaint") in the action, captioned *Sajeesh*

*Thomas and Sandy Ann Thomas v. Jerry Mercado*, Court of Common Pleas, Bucks County, Pennsylvania, Case No. 2022-03807 (the "Underlying Action"). *See* Ex. 2.

31. In the Underlying Complaint, the Thomases allege that on August 31, 2020, Mercado parked his truck in front of their home, waited for Mr. Thomas to arrive home from work, and, upon Mr. Thomas's arrival, began aggressively yelling at Mr. Thomas while Mr. Thomas remained in his vehicle. *Id.* ¶¶ 6–10.

32. The Thomases further allege that as Mr. Thomas began to exit his vehicle, Mercado began "punching him [Mr. Thomas] in the head and face and threw him to the ground". *Id.* ¶ 11.

33. The Thomases allege that Mercado's conduct was intentional and unreasonable, and that he was aware of the "obvious risk and the high probability of the harm to [the Thomases] that would follow". *Id.* ¶¶ 40–41.

34. The Thomases allege that, as a result of Mercado's actions, Mr. Thomas suffered numerous physical injuries, including a fractured orbital bone, extensive bruising, a concussion, facial disfiguration and permanent vision problems. *Id.* ¶ 25.

35. Upon information and belief, and as alleged in the Underlying Complaint, on October 28, 2020, Mercado was criminally charged with harassment, disorderly conduct, recklessly endangering another person, simple assault and felony aggravated assault as a result of his attack of Mr. Thomas. *Id.* ¶ 20.

36. Upon information and belief, and as alleged in the Underlying Complaint, on July 15, 2021, Mercado pleaded guilty to the charge of aggravated assault in connection with his attack of Mr. Thomas. *Id.* ¶ 22.

37. Upon information and belief, and as alleged in the Underlying Complaint, on October 18, 2021, Mercado was sentenced to imprisonment for "not less than 11.5 months nor more than 23 months" as a result of his attack of Mr. Thomas. *Id.* ¶ 23–24.

38. In the Underlying Complaint, the Thomases assert five causes of action against Mercado: (I) assault and battery; (II) negligence; (III) intentional infliction of emotional distress; (IV) negligent infliction of emotional distress; and (V) loss of consortium. *See id.*

39. In Count I, the Thomases allege that Mercado intended to punch and injure Mr. Thomas, and that Mercado "engaged in intentional, wanton, willful and outrageous conduct" and that he acted with "deliberate malice" toward Mr. Thomas. *Id.* ¶ 49.

40. Additionally, in Count I, the Thomases allege that Mercado "intentionally, willfully, knowingly, recklessly and outrageously initiated a violent assault and bodily harm" upon Mr. Thomas, and that Mr. Thomas was "unarmed, peaceable and non-threatening". *Id.* ¶ 53.

41. In Count II, the Thomases allege that Mercado owed a duty of care to Mr. Thomas and that Mercado breached that duty of care when he, without threat or provocation, attacked and punched Mr. Thomas with "excessive, unreasonable and unprovoked force". *Id.* ¶ 55.

42. In Count III, the Thomases allege that Mercado intentionally inflicted emotional distress upon them by attacking Mr. Thomas with the intent to hurt him, and by escalating an otherwise peaceful interaction to such an extreme level as to "transcend all possible bounds of decency and civility". *Id.* ¶ 59.

43. In Count IV, the Thomases allege that Mercado negligently inflicted emotional distress upon them by attacking Mr. Thomas with the intent to hurt him, and by escalating an otherwise peaceful interaction to such an extreme level as to "transcend all possible bounds of decency and civility". *Id.* ¶ 67.

44. In Count V, the Thomases allege that, as a result of the injuries sustained by Mr. Thomas, Mrs. Thomas has been and/or will be deprived of the society, companionship and services of Mr. Thomas. *Id.* ¶ 70.

45. Upon information and belief, a true and correct copy of the Police Criminal Complaint and the Affidavit of Probable Cause relating to the incident is attached as Exhibit A to the Underlying Complaint. *Id.* at Exhibit A.

46. Upon information and belief, a true and correct copy of the charging document and criminal docket report in the case captioned, *Commonwealth of Pennsylvania v. Jerry Mercado*, docket no. CP-09-CR-0004399-2020 (the "Mercado Criminal Action") is attached as Exhibit B to the Underlying Complaint. *Id.* at Exhibit B.

47. Upon information and belief, a true and correct copy of the Guilty Plea signed by Mercado is attached as Exhibit C to the Underlying Complaint. *Id.* at Exhibit C.

48. Upon information and belief, a true and correct copy of the Bucks County Criminal Court Sheet reflecting Mercado's guilty plea is attached as Exhibit D to the Underlying Complaint. *Id.* at Exhibit D.

49. In the Underlying Complaint, the Thomases seek compensatory damages in an amount exceeding $50,000.00, reimbursement for out of pocket medical and related expenses, past and future lost earnings, punitive damages, pre- and post-judgment interest, costs of suit and attorney's fees. *See id.*

   **B.    The Liberty Policy**

50. Liberty issued a homeowners insurance policy to its Named Insured, Lisa Braun, bearing policy number H3V-288-719146-40 0 9, and having an effective policy period of February 25, 2020 to February 25, 2021 (the "Liberty Policy"). *See* Ex. 1.

51. SECTION II – LIABILITY COVERAGES of the Liberty Policy provides, in part:

> **COVERAGE E – Personal Liability**
>
> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

*Id.*

52. The Liberty Policy contains the following relevant definitions:

> 1. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.
>
> * * *
>
> 3. "Insured" means you and residents of your household who are:
>
>    a. Your relatives; or
>
> * * *
>
> 5. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
>
>    a. "Bodily injury"; or
>
>    b. "Property damage."

*Id.*

53. The Liberty Policy contains an amendatory endorsement (form FMHO 2934 (Ed. 7/04), which provides, in part:

> In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and

9

> (1) the spouse of the "named insured" shown on the Declarations, if a resident of the same household; or
>
> (2) the partner in a civil union, registered domestic partnership, or similar union or partnership, with the "named insured" shown on the Declarations, if a resident of the same household.
>
> Section (2), above, only applies if the civil union, registered domestic partnership or other similar union or partnership is validly entered into under the law of any state, territory or possession of the United States of America, any territory or province of Canada, or the equivalent of a state or province in any other country.
>
> "We," "us" and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:
>
> * * *

*Id.*

54. The Liberty Policy contains an amendatory endorsement (form FMHO 3308 1012) (the "Criminal Acts Exclusion"), which provides, in pertinent part:

> **SECTION II – EXCLUSIONS**
>
> Item **1.a.** under **Coverage E - Personal Liability** and **Coverage F - Medical Payments to Others** is amended as follows:
>
> For "bodily injury" or "property damage" that results, or may reasonably be expected to result, from the intentional or criminal acts or omissions of an "insured," even if it
>
> (1) is of a different kind, quality, or degree than initially expected or intended; or
>
> (2) is sustained by a different person, entity, real or personal property, than initially expected or intended.
>
> However, this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

*Id.*

  **C.**  **Liberty's Defense Of Mercado In The Underlying Action**

  55.  Mercado requested that Liberty defend and indemnity him under the Liberty Policy in connection with the claims and damages asserted in the Underlying Action.

  56.  In response, Liberty offered to provide a defense to Mercado in the Underlying Action, subject to a full and complete reservation of its rights to deny coverage and to withdraw its defense of Mercado in the Underlying Action.

  57.  Mercado accepted Liberty's offer of a defense subject to its reservation of rights.

  58.  Liberty is currently providing a defense to Mercado in the Underlying Action.

## COUNT I – DECLARATORY JUDGMENT
**(Liberty Has No Duty To Defend Mercado In The Underlying Action)**

  59.  Liberty realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

  60.  The Insuring Agreement contained in SECTION II – LIABILITY COVERAGES, COVERAGE E – Personal Liability of the Liberty Policy provides, in pertinent part, that if a suit is brought against an "insured" for damages because of "bodily injury" caused by an "occurrence", Liberty will provide a defense at its expense by counsel of its choice. *Id.*

  61.  Pursuant to the Liberty Policy, "insured" means the Named Insured, Lisa Braun, and residents of Lisa Braun's household who are Lisa Braun's relatives. *Id.*

  62.  Upon information and belief, Mercado is Lisa Braun's spouse, and, at the time of the incident in question, resided in her household.

  63.  As such, Mercado is an "insured" to the Liberty Policy for purposes of the incident at issue.

64. Notwithstanding, Liberty has no duty to defend Mercado in the Underlying Action because the Underlying Complaint does not allege damages because of "bodily injury" caused by an "occurrence".

65. The Liberty Policy defines "occurrence" to mean an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in "bodily injury". *Id.*

66. In the Underlying Complaint, the Thomases repeatedly allege that Mr. Thomas's physical injuries and Mrs. Thomas's psychological injuries were caused by Mercado's intentional, willful and malicious assault, attack and punching of Mr. Thomas. Ex. 2 ¶¶ 40, 42, 51, 53, 59 (a. through c.), 67 (a. through c.)

67. Given the factual allegations in the Underlying Complaint, the Underlying Complaint does not seek recovery of damages because of any "bodily injury" caused by an "occurrence", as that term is defined in the Liberty Policy.

68. As such, the COVERAGE E – Personal Liability Insuring Agreement of the Liberty Policy has not been satisfied, and Liberty has no duty under the Liberty Policy to defend Mercado in the Underlying Action.

69. Additionally, Liberty has no duty to defend Mercado in the Underlying Action because the Liberty Policy's Criminal Acts Exclusion bars coverage for the claims and damages at issue in the Underlying Action.

70. The Criminal Acts Exclusion excludes coverage for "bodily injury" that results, or may reasonably be expected to result, from the intentional or criminal acts or omissions of an "insured", even if it is of a different kind, quality, or degree than initially expected or intended,

and even if it is sustained by a different person, entity, real or personal property than initially expected or intended.  Ex. 1.

71. Mercado was an insured at the time of the incident.

72. As set forth in the Underlying Complaint, Mercado pled guilty to the crime of aggravated assault in connection with his assault of Mr. Thomas.  Ex. 2 ¶ 22.

73. Thus, the "bodily injury" alleged in the Underlying Action results, or may reasonably be expected to result, from the intentional or criminals acts of an "insured" – Mercado.

74. As such, the Liberty Policy's Criminal Acts Exclusion excludes coverage for the claims and damages asserted in the Underlying Action.

75. Thus, Liberty also has no duty to defend Mercado in the Underlying Action due to the Criminal Acts Exclusion.

76. Accordingly, Liberty is entitled to a declaration that it has no duty to defend Mercado in the Underlying Action.

**WHEREFORE**, Liberty respectfully requests that the Court enter an Order:

(a) Declaring that Liberty has no duty under the Liberty Policy to defend Mercado in the Underlying Action;

(b) Declaring that, because Liberty has no duty to defend Mercado in the Underlying Action, Liberty is entitled to withdraw its defense of Mercado in the Underlying Action; and

(c) Declaring and granting such other and further relief as may be necessary and appropriate under the circumstances, including all other relief available at law or in equity to which Liberty may be entitled and which the Court deems just and proper.

### COUNT II – DECLARATORY JUDGMENT
**(Liberty Has No Duty To Indemnify Mercado For Any Amounts He May Become Obligated To Pay As A Result Of The Underlying Action)**

77. Liberty realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

13

78. The Insuring Agreement contained in SECTION II – LIABILITY COVERAGES, COVERAGE E – Personal Liability of the Liberty Policy provides, in part, that if a suit is brought against an "insured" for damages because of "bodily injury" caused by an "occurrence", Liberty will pay up to its limit of liability for the damages for which the "insured" is legally liable. Ex. 1.

79. As explained herein, the "bodily injury" alleged in the Underlying Action was not caused by an "occurrence", as that term is defined in the Liberty Policy.

80. Thus, the COVERAGE E – Personal Liability Insuring Agreement has not been satisfied.

81. Additionally, as described herein, the Liberty Policy's Criminal Acts Exclusion excludes coverage for the claims and damages asserted in the Underlying Action.

82. Liberty thus has no duty to indemnify Mercado under the Liberty Policy for any amounts he may become obligated to pay as a result of the Underlying Action, including but not limited to any judgment or settlement therein.

**WHEREFORE**, Liberty respectfully requests that the Court enter an Order:

(a) Declaring that Liberty has no duty under the Liberty Policy to indemnify Mercado for any amounts he may become obligated to pay as a result of the Underlying Action, including but not limited to any judgment or settlement therein; and

(b) Declaring and granting such other and further relief as may be necessary and appropriate under the circumstances, including all other relief available at law or in equity to which Liberty may be entitled and which the Court deems just and proper.

### **DEMAND FOR TRIAL BY JURY**

Liberty hereby demands a trial by jury of issues so triable.

|  |  |
|---|---|
|  | Respectfully submitted,<br>**POST & SCHELL, P.C.** |
| Dated:  March 13, 2024 | By:   */s/ Anthony L. Miscioscia*<br>ANTHONY L. MISCIOSCIA, ESQ.<br>Atty I.D. No. 69215<br>RACHEL L. ARMELY, ESQ.<br>Atty I.D. No. 332911<br>Three Logan Square<br>1717 Arch Street, 24th Floor<br>Philadelphia, PA  19103<br>Phone: (215) 587-1170<br>amiscioscia@postschell.com<br>rarmely@postschell.com<br>*Attorneys for Plaintiff  Liberty Mutual Personal Insurance Company* |

27058303v1