## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY MUTUAL PERSONAL INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>JERRY MERCADO, et al.,<br><br>*Defendants.* | CIVIL ACTION<br>NO. 24-1089 |

**Pappert, J.**                                                                                           **January 9, 2025**

### MEMORANDUM

In June of 2023, Sajeesh and Sandy Ann Thomas sued Jerry Mercado in the Bucks County Court of Common Pleas, alleging assault and battery, negligence, intentional and negligent infliction of emotional distress, and loss of consortium ("the underlying action").[1] The Thomases alleged that in August of 2020, Mercado attacked and severely injured Sajeesh by punching and throwing him to the ground. Mercado was criminally charged and in July of 2021, pled guilty to aggravated assault and was sentenced to eleven-and-a-half to twenty-three months in state prison.

Mercado's spouse, Lisa Braun, is the named insured under a homeowners policy issued by Liberty Mutual Personal Insurance Company ("the Policy"). Liberty Mutual is currently providing a defense to Mercado in the underlying action, subject to a reservation of its rights to deny coverage and indemnification. Liberty Mutual filed this lawsuit seeking a declaration that it has no duty to defend or indemnify Mercado

---

[1] Sandy Ann Thomas has since voluntarily dismissed her claims. (Brief in Supp. of Mot. for Judg. on the Pleadings at 2 n.1, ECF No. 26.)

because the injuries for which Sajeesh Thomas seeks damages in the underlying action were not due to bodily injury caused by an "occurrence" as defined under the Policy and also because the Policy excludes from coverage bodily injury resulting from the "intentional or criminal acts or omissions of an insured." After the defendants filed their answers, Liberty Mutual moved for judgment on the pleadings. The Court grants the motion and enters judgment for Liberty Mutual because Sajeesh Thomas's injuries were not caused by an "occurrence."

I

The Thomases allege in the underlying action that Mercado violently assaulted and injured Sajeesh Thomas at their home in Richboro, Pennsylvania. (Underlying Compl. ¶¶ 6-19.) Specifically, on August 31, 2020, Mercado was allegedly "blocking the driveway of Plaintiffs' residence" and "blar[ing] his horn repeatedly." (*Id.* ¶¶ 6-8, ECF No. 1-4.) When "Sajeesh Thomas arrived home from work[,] Mercado exited his [truck] . . . and began speaking with Sajeesh Thomas in an aggressive manner." (*Id.* ¶¶ 9.) Mercado "continued to aggressively yell at Sajeesh Thomas, while Sajeesh Thomas remained seated in his vehicle." (*Id.* ¶ 10.) As Thomas opened the door to get out of his vehicle, "Mercado began punching Sajeesh Thomas in the head and face and threw him to the ground." (*Id.* ¶ 11.) Mercado then "left the scene, leaving Sajeesh Thomas battered and bleeding on the ground, semi-conscious." (*Id.* ¶ 12.) Thomas was taken to the hospital, underwent surgery for a fractured orbital bone, and could not remember the incident. (*Id.* ¶¶ 15-17.) He also suffered a concussion, facial fracture, nasal fracture, eyelid laceration and double vision. (*Id.* ¶ 16.) Mercado was charged with numerous criminal offenses, and subsequently pled guilty to aggravated assault under

18 Pa. Cons. Stat. § 2702(a)(1).  (*Id.* ¶¶ 20-22; Exhibits A, B & C.)  He was sentenced to eleven-and-a-half months to twenty-three months incarceration.  (*Id.* ¶ 24; Exhibit D.)  Each claim in the Thomases' complaint incorporates and relies upon these alleged facts. (*Id.* ¶¶ 48, 54, 58, 63, 69.)

> The Policy provides the following with respect to personal liability coverage:
>
> If a claim is made or a suit is brought against an **"insured"** for damages because of **"bodily injury"** or "property damage" caused by an **"occurrence"** to which this coverage applies, we will:
>
>   1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. . . . ; and
>   2. Provide a defense at our expense by counsel of our choice . . . .

(Homeowners-Insurance Policy at 17, ECF No. 1-3) (emphasis added).  "Bodily injury" is defined as "bodily harm, sickness or disease, including required care, loss of services and death that may result," while an "occurrence" is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in 'bodily injury', or 'property damage.'"  (*Id.*)

## II

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  To succeed, the movant must show "that there are no issues of material fact, and that he is entitled to judgment as a matter of law." *Allstate Prop. & Cas. Ins. Co. v. Squires*, 667 F.3d 388, 390 (3d Cir. 2012).  The Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005).  In resolving a motion for judgment on the pleadings, the

Court considers "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, matters of public record, and indisputably authentic documents attached to the motion—provided the claims are based on these documents." *State Farm Fire v. Rockinmusik LLC*, No. 22-cv-4243, 2023 WL 3005009, at *6 (E.D. Pa. Apr. 19, 2023) (citation and quotations omitted).

III

Under Pennsylvania law, "the interpretation of an insurance contract regarding the existence or non-existence of coverage is generally performed by the court." *Gardner v. State Farm Fire & Ca. Co.*, 544 F.3d 553, 558 (3d Cir. 2008) (quoting *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 290 (Pa. 2007)); *see also Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 897 (Pa. 2006) ("The interpretation of an insurance policy is a question of law."). "When the language of the policy is clear and unambiguous, we must give effect to that language." *Baumhammers*, 938 A.2d at 290 (quoting *Kvaerner*, 908 A.2d at 897). But when a provision in the policy is ambiguous, the Court construes the policy in favor of the insured. *Nationwide Mut. Ins. Co. v. CPB Int'l Inc.*, 562 F.3d 591, 595 (3d Cir. 2009) (quotations omitted).

"An insurer's duty to defend its insured in a lawsuit is broader than its duty to indemnify," so if an insurer has no duty to defend, it has no duty to indemnify. *Ramara, Inc. v. Westfied Ins. Co.*, 814 F.3d 660, 673 (3d Cir. 2016). The duty to defend arises if the underlying allegations could potentially fall within the policy's coverage. *Air Prods. & Chems v. Hartford Accident & Indem. Co.*, 25 F.3d 177, 179 (3d Cir. 1994). The Court is tasked with comparing "the four corners of the insurance contract to the

four corners of the underlying complaint," taking the underlying complaint's allegations as true and liberally construing them in favor of coverage. *Vitamin Energy, LLC v. Evanston Ins. Co.*, 22 F.4th 386, 392 (3d Cir. 2022) (cleaned up) (quotations omitted). It is the factual allegations in the underlying complaint, rather than the causes of action formally pled, that control the Court's analysis. *Mut. Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999). Though the insured carries the burden of establishing coverage, *State Farm Fire & Cas. Co. v. Est. of Mehlman*, 598 F.3d 105, 111 (3d Cir. 2009), any doubts are resolved in the insured's favor. *CGU Ins. v. Tyson Assocs.*, 140 F. Supp. 2d 415, 418 (E.D. Pa. 2001) (quotations omitted).

IV

Liberty Mutual has no duty to defend Mercado in the underlying action because the Thomases' complaint alleges intentional, not accidental, conduct. The Policy provides coverage for lawsuits brought against the insured for damages because of "bodily injury" or "property damage," but only if the bodily injury or property damage is caused by an "occurrence." (Homeowners-Insurance Policy at 17.) And again, an "occurrence" is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in" bodily injury or property damage. (*Id.* at 7.) Though the Policy does not define "accident," Pennsylvania courts have defined the term as "an unexpected and undesirable event occurring unintentionally," and emphasized "that the key term in the definition of the 'accident' is 'unexpected' which implies a degree of fortuity." *Baumhammers*, 938 A.2d

at 292.  "[A]n injury therefore is not 'accidental' if the injury was the natural and expected result of the insured's actions."  *Id.*[2]

Where the underlying complaint alleges willful assault and battery, that conduct does not constitute an occurrence.  *See, e.g.*, *Am. Strategic Ins. Corp. v. Burkhardt*, No. 22-18, 2022 WL 1157892, at *6 (E.D. Pa. Apr. 19, 2022) ("An unprovoked assault and battery cannot be considered an 'accident' for coverage purposes."); *Gene's Rest., Inc. v. Nationwide Ins. Co.*, 548 A.2d 246, 247 n. 1 (Pa. 1988) ("[T]he 'occurrence' must be an accident, which a malicious, willful assault and beating could never be."); *Am. Nat'l Prop. & Cas. Cos. V. Hearn*, 93 A.3d 880, 886-87 (Pa. Super. Ct. 2014) ("[T]he allegations in the complaint describe the intentional torts of assault and battery and are excluded from coverage.").

Mercado argues the underlying complaint triggers the duty to defend because it contains four alternative theories of liability, "leaving the possibility that a jury could find Mercado's conduct to be unintentional[.]"  (Brief in Opp. to Mot. for Judg. on the Pleadings at 9.)  While an underlying complaint can trigger the duty to defend where it "makes at least one allegation that falls within the scope of the policy's coverage," *Nationwide Mut. Ins. Co. v. Garzone*, No. 07-4767, 2009 WL 2996468, at *36-37 (E.D. Pa. Sept. 17, 2009) (citing *Gen. Accident Ins. Co. of Am. v. Allen*, 692 A.2d 1089, 1095 (Pa. 1997), it is the complaint's factual allegations, and not the causes of action formally pled, that determine whether the duty to defend is triggered.  *Haver*, 725 A.2d at 745;

---

[2] While the Policy also excludes from coverage damages for bodily injuries resulting from criminal or intentional acts, (Homeowners-Insurance Policy at 36), the Court need not address that exclusion given that Sajeesh Thomas's injuries do not constitute a covered 'occurrence'.  *See Unitrin Direct Ins. Co. v. Esposito*, 751 Fed. App'x 213, 215 (3d Cir. 2018) ("[O]nce the District Court found no coverage under the Policy, it had no need to consider whether any exclusions to coverage applied.").

*see also Allstate Ins. Co. v. Thompson*, No. 05-cv-5353, 2006 WL 2387090, at *2 (E.D. Pa. July 19, 2006) ("[I]t is the substance, not the form, of the allegations that is the focus of the coverage inquiry.").

It doesn't matter that the complaint in the underlying action occasionally uses the terms "negligently" or "recklessly"—the substance of each claim is that Mercado intended harm as the natural and expected consequences of his assault. *See State Farm Fire & Cas. Co. v. Massi*, No. 16-0169, 2016 WL 3014890, at *11 (E.D. Pa. May 25, 2016) ("The complaint is not just 'thin on detailed facts' supporting negligence or a lack of intent, it lacks such facts entirely.") (citation omitted). To start, each claim against Mercado expressly relies on the same alleged intentional, violent assault. *See* (Underlying Compl. ¶¶ 48, 54, 58, 63, 69). And the negligence claim further alleges that Mercado breached his duty of care by "punching [and] attacking Plaintiff Sajeesh Thomas without threat or provocation," and "acting with excessive, unreasonable and unprovoked force[.]" (Underlying Compl. ¶55.) The intentional and negligent infliction of emotional distress claims allege Mercado "[o]utrageously attack[ed] Plaintiff Sajeesh Thomas, with the intention of hurting" him. (*Id.* ¶ 59.)

To the extent Mercado believes his self-defense claim renders his alleged conduct accidental,[3] (Brief in Opp. to Mot. for Judg. on the Pleadings at 13-14), an act taken in self-defense is still an intentional act and therefore not an "occurrence." *Nationwide Mut. Fire Ins. Co. v. Malofiy*, No. 10-2410, 2011 WL 1050050, at *24-25 (E.D. Pa. Mar. 22, 2011) ("[A] person acting in self-defense may still act intentionally."); *Utica First*

---

[3] Mercado argues self-defense during his discussion of the criminal acts exclusion, but also seems to contend that a self-defense claim would render his alleged conduct negligent as opposed to intentional.

7

*Ins. Co. v. Maclean*, No. 08-1138, 2009 WL 415988, at *8 (E.D. Pa. Feb. 19, 2009) ("People who are defending themselves act intentionally—not negligently or accidentally—in the interest of self-preservation."); *State Farm Fire & Cas. Co. v. Jackson*, No. 18-102, 2018 WL 4006351, at *11 (E.D. Pa. Aug. 21, 2018) ("The Policy at issue does not provide any coverage for intentional acts done in self-defense.").

As Liberty Mutual has no duty to defend Mercado, it has no duty to indemnify him. *See Ramara*, 814 F.3d at 673.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.